NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARTATI SANTOSO; GATOT IGNATIUS TIRTA, | No. 05-76588 |
| Petitioners, | Agency Nos.     A077-838-245<br>A077-838-244 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010**

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Hartati Santoso and Gatot Ignatius Tirta, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their claims for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not that they would be tortured if removed to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

In analyzing petitioners' asylum and withholding of removal claims, the agency did not consider their claims as Chinese Christians under the disfavored group analysis. *See Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir. 2004) (Indonesia's ethnic Chinese minority is a disfavored group with a commensurately lower level of individualized risk to prove in order to establish a well-founded fear of future persecution). In light of this and our intervening decision in *Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010) ("[A]ny reasonable factfinder would be compelled to conclude on this record that Christian Indonesians are a disfavored group."), we grant the petition with respect to petitioners' asylum and withholding of removal claims, and remand to the agency to analyze them under the disfavored group analysis in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Wakkary*, 558 F.3d at 1062-65 (disfavored

05-76588                    2

group analysis applies to withholding of removal). In assessing the claim, the agency should clarify whether there was past persecution.

Each party shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED**.